FILED
IN CLERKS OFFICE
2004 JAN 20 P 3: 13
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

[illegible], on behalf of all others similarly situated,

Plaintiff,

v.

ANGELA CABRAL and/or MOLLY [illegible],

Defendants.

Case No. 04-10033-REK

CLASS ACTION

I. This action arises under the U.S. Constitution, particularly under the provisions of the Fourteenth Amendment, and under Federal Law, particularly under Title 42, United States Code, Section 1983. This Court has Jurisdiction of this action under Title 28, United States Code, Section 1343.

II. [illegible] pursuant to Rule 23 of the Federal Rules of Civil procedure, on behalf of plaintiff, and on behalf of all other persons similarly situated, who are either now in the Protective Custody Unit, or

as hereinafter Set Forth, are Typical of The claims of all of The members of The class; plaintiffs are qualified to and will fairly and adequately protect the interest of each and all of The members of The class.

III. Plaintiffs are Citizens of The united States and are Inmates at The Suffolk House of Correction, County of Suffolk, State of Massachusetts.

IV. Defendants Now is, and at all Times material hereto was, The duly appointed Sheriff and acting deputy Superintendent of The Suffolk House of Correction.

V. Each and all of The acts of defendants under The color and pretense of The statutes, regulations, Customs, and usages of The State of Massachusetts and under The authority of The Sheriff office as Deputy Superintendent.

VI. Defendants have promulgated, in her Capacity as The Sheriff and Deputy Superintendent, Certain rules and regulations relating to the access of prisoners to the Law library. Such rules and regulations Limit the access to books, and legal materials.

VII. In addition, prisoners are allowed the use of The

To assist the [illegible] in preparation of [illegible] legal [illegible] [illegible] [illegible] [illegible]. The [illegible] [illegible] [illegible] [illegible] [illegible], to [illegible] [illegible] with a Xerox copy machine and [illegible] legal type [illegible].

IX. Defendants Conduct [illegible] deprived [illegible] [illegible] [illegible] to due process and equal [illegible] [illegible] [illegible] [illegible] [illegible] Amendment [illegible] the United [illegible] [illegible].

X. Because of the [illegible] plaintiffs, and those whom they represent, have no adequate remedy at law and [illegible] [illegible] [illegible] will continue to suffer great irreparable loss, damage, and injury and are, therefore, compelled to seek equitable relief in this Court.

Wherefore, Plaintiffs [illegible] Judgment:

1. [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] defendants [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] rights to due process and [illegible] [illegible] [illegible] and [illegible] defendants to [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] facilities;

2. Awarding the plaintiffs the reasonable costs and expenses [illegible] [illegible]

FILED
IN CLERKS OFFICE

2004 JAN 20 P 3: 14

U.S. DISTRICT COURT
DISTRICT OF MASS.

C.A. NO. 04-10033-REK

[illegible], A MASSACHUSETTS HOUSE OF CORRECTION INMATE AT THE SOUTH BAY HOUSE OF CORRECTION,

PLAINTIFF,

V.

ANGELA [illegible], MARIE LOCKHART, MARYELLEN MASTRORILLI,

DEFENDANT,

COMPLAINT

JURY TRIAL DEMAND

This is a civil rights action filed by [illegible], a House of Correction Inmate, for damages and injunctive relief under 42 U.S.C. § 1983, alleging Failure To [illegible], Assault and battery in violation of The Eighth Amendment to the united states Constitution and Deprivation of [illegible] in violation of The The process clause of The Fourteenth Amendment To The Constitution. The plaintiff also alleges the torts of assault and battery and negligence.

PARTIES

3. The plaintiff, Duron Irvin, is incarcerated at the South Bay House of Correction (S.H.O.C.) during the events described in this complaint.

4. Defendant Andrea Cabral, is the Sheriff of the South Bay House of Correction in charge of overseeing the personnel and Administrative staff Level. She is sued in her individual and official capacities.

5. Defendant Maria Lockhart, is the Deputy of operation at the Suffolk County House of Correction (S.C.H.C.) and is generally responsible for ensuring the care and safety of all inmates and staff personnel Level. She is sued in her individual and official capacities.

6. Defendant Mary Ellen Mastrorilli, is the Deputy Superintendent of the Suffolk House of Correction (S.H.O.C.) and is in charge of the supervision and discipline of all Correctional staff at said facility. She is sued in her individual and official capacities.

7. All the Defendants have acted, and continue to act, under COLOR OF STATE LAW at all times relevant to this complaint.

FACTS

9. The plaintiff then refused to go the hospital unit due to the lack of correctional supervision and proximity of inmates that was and would be in the presence of the plaintiff, and that such mixing of plaintiff and inmates in general population would jeopardize the plaintiff's well being.

10. The Plaintiff was then told by the unit officer Mrs. [illegible] that he had no option to refuse an medical appointment and that he had to sign an medical inmate waiver form upon his arrival in the hospital unit, which plaintiff contested, but was threatened with punitive disciplinary action if plaintiff did not comply.

11. The plaintiff then was escorted by a correctional officer to the hospital unit, and was instructed to [illegible] to another inmate who was already to be seen by a nurse sitting on a bench. Plaintiff then complied and sat on the bench beside a inmate from general population, under the impression that he would be closely monitored by correctional staff.

12. The plaintiff was [illegible] to the [illegible] inmate [illegible] being in the presence of those inmates as being in general population and that failure of staff to immediately separate plaintiff from the presence of those from general population, would

population, while correctional staff who were responsible for overseeing the plaintiff's safety, was occupied taking care of matters in another section of the Jail, subjecting plaintiff to bouts of verbal abuse, verbal assaults and threats of physical violence by inmates who resided in general population of danger [illegible].

15. Plaintiff then returned to his unit [illegible] and submitted an Institutional Grievance addressed to the Sheriff [illegible] [illegible], complaining of the lack of staff escorting protective custody inmates to the hospital unit and then leaving said inmates alone in the presence of these inmates who resided in general population

16. The plaintiff has previously [illegible] been seeking [illegible] Deputy Superintendents in attempts to bring an end to such [illegible] [illegible] result in tragedy by an inmate sustaining serious injuries, and that inmates have been forced to undertake such [illegible] for some time now.

17. On December 5, 2003, the protective custody unit was locked down due to complications with the institutions elevators, in which at such time, all inmates were and continue to be locked down and deprived of showers, telephone calls, access to the law library and [illegible] programs and

19. [illegible] ... [illegible] ... These [illegible] medications, have resulted in an increase of [illegible] ... a [illegible].

20. The plaintiff [illegible] a pending [illegible] ... [illegible] successfully been [illegible] ... his present medication [illegible] ... depriving [illegible] of [illegible] ... by the [illegible].

[illegible signature]

Claims for Relief

21. [illegible] ... [illegible] ... and [illegible] ... [illegible].

22. The [illegible] of defendant [illegible] ... and [illegible] ... [illegible] ... and [illegible] ... [illegible].

24. [illegible] pose an unreasonable [illegible] plaintiff's [illegible] mental health and [illegible]. The [illegible] due process [illegible] violation of the [illegible]teenth Amendment to the United States Constitution.

25. The actions of defendant [illegible] in failing to provide the plaintiff with access to the law library, access to legal materials, and an adequate legal assistance, violated the Due process Clause, the equal protection Clause, the First Amendment, and the privileges and Immunities Clause of Article IV of the Constitution.

Relief Requested

Wherefore, Plaintiff requests [illegible] the following relief:

A. Issue a declaratory judgment stating that:
[illegible]'s failure to take action to [illegible] the [illegible] of the plaintiff's rights under the [illegible] Amendment, and [illegible] Amendment to the United States Constitution.

2. Defendant Lockhart's actions in failing to provide adequate access to courts and exercise and freedom from violence, to

B. [illegible] ordering defendants [illegible], [illegible] and Montiverdi(?) or their agents to:

1. Release the plaintiff from punitive [illegible] and personal [illegible] to [illegible] rights and privileges;

2. [illegible] for [illegible] and [illegible], and [illegible] all [illegible] by [illegible] during [illegible]

3. [illegible] to the plaintiff [illegible] for the expenses of [illegible] and [illegible] to the plaintiff.

C. Award compensatory damages in the following amounts:

1. $[illegible] jointly and severally against defendants [illegible], [illegible] and Montiverdi, for the physical and emotional [illegible] of the plaintiff's

2. $50,000 jointly and severally against defendants [illegible], [illegible] [illegible] the plaintiff [illegible].

[illegible] plaintiff is entitled.

Respectfully Submitted,

[signature]

Mr Duran [illegible] Pro Se,

[illegible] St.

[illegible], Ma. 02117

Dated: 12-20-03