UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

DUANE LEVIN, Pro Se,           C.A. NO. _____
    Plaintiff,

v.
                         JURY TRIAL DEMAND

ANDREA CABRAWL, Et al.,         **04·10033 REK**
    Defendants.

This is a civil rights action filed by Duane Levin, a Suffolk House of Correction Inmate for damages and injunctive relief under 42 U.S.C. § 1983, alleging unjustifiable denial of Jail Credit and tampering with inmate release dates, in violation of the Eighth Amendment to the United States Constitution and denial of Jail Credit in violation of the Due process clause of the Fourteenth Amendment to the Constitution.

Jurisdiction

1. Plaintiff has jurisdiction over this court in 28 U.S.C. §§ 1331 and in defense of Federal Constitutional rights under 42 U.S.C. §§ 1331(3) and 1343.

2. This Court has supplemental jurisdiction over the Plaintiff's State Law tort claims under 28 U.S.C. § 1367.

SCANNED
DATE: 11/04
BY: TOM

Parties

3. The Plaintiff Isaac Bower is presently incarcerated at the Suffolk County House of Correction / Nashua Street, Boston in circumstances described in this Complaint.

4. The Defendant Andrea Cabral, is the Sheriff at the Suffolk County House of Correction, She is generally responsible for reviewing all administrative grievances of inmates and has a sworn duty to Truth and protect Isaac Bower. She is sued in her individual and official Capacities.

5. Defendant Mary McCormick, is the Deputy Superintended of the Suffolk County House of Correction, and is responsible for reviewing and she is sworn oath. She is sued in her individual and official capacities.

6. Defendant Jeannie Lyness, and David McNamara are employed by the Suffolk House of Correction Administration staff level and is responsible for overseeing the Institutional Inmate record Department. They are being sued in their Individual and official capacities.

7. ALL The Defendants have acted, and continue to act, under color of state law, at all times relevant to this Complaint.

Facts

8. June 3, 2003, The plaintiff was incarcerated at The Suffolk County Jail (Nashua St. Jail) Awaiting Trial in Dorchester District Court on a Probation matter.

9. On July 15, 2003, The plaintiff received a (18) month Sentence and was Transported from Dorchester Court to the Suffolk House of Correction and was given Forty Days Jail Credit for The Time he was awaiting Trial at the Nashua Street Jail.

10. On July 16, 2003, The plaintiff received an institutional Package consisting of The rules and regulations of The Jail and the plaintiff's parole eligibility date and wrap up date of 3 June.

11. On September 9, 2003, The plaintiff directed a correspondence of Letter Form to the attention of all defendants, complaining about the inaccurate wrap up date because it was inaccurate and that he did not get credited for 40 days jail credit and that if the defendants had implemented the plaintiff's Forty Days Jail Credit, he would have been released in August of 2004, but at June 19, of 2004 because The plaintiff is Serving a (18) month sentence in custody from June 3, of 2003 until August 22, of 2004, is the Montho Such was evident that The plaintiff has been credited his 40 days Jail Credit.

12. The plaintiff forwarded a Long Form Grievance Letter To Mr. George Lyness who is The Assistant Superintendent In Charge of Inspections at The Jail and asked in good faith to be credited December 1, 2003, have written to the plaintiff back to the investigation.

13. These Motions have passed from Two and now all plaintiffs Know which the defendants responding Their answers have, in which the Plaintiffs have yet to receive to plaintiff's Complaint.

## CLAIMS FOR RELIEF

14. The Actions of defendants Bissonet, Marshaviti, Mc David and Lipere, To immediately respond to the plaintiffs Letters of Complaints and refused to Correct his grievances and failure to implement The plaintiff's 60 days Jail Credit ordered by a Judge, constituted deliberate Indifference and further denied The plaintiff The Due process of Law in violation of The Fourteenth Amendment to the United States Constitution.

15. The actions of defendants Lipere and McDavid, in refusing to turn the known the mistake in the plaintiff's Release being uncorrecting, constituted deliberate indifference, and failure to act or remedy decinied the above described violations of Eighth Amendment rights and interferring in plaintiff's manner Due course of them.

### Relief Requested

Wherefore, Plaintiff requests that the court grant the Following relief:

    A. Issue a declaratory Judgment stating that:

        1. The Defendants Bissonet's Failure to take action to Curb the known violations of plaintiff's rights under The Eighth Amendment to the United States Constitution and constituted procedural violations under State Law.

2. Defendants Montgomery's failure to investigate the plaintiff's letter of complaints of his Civil Rights not moving been dismissed, and failure to eliminate the constitutional violations inflicted upon the plaintiff through reckless disregard of plaintiff's due process rights protected under law and the United States Constitution, violated the plaintiff's Fourteenth Amendment to the United States Constitution.

3. Defendants' liquor-license in forcing its loss of time Access onto to plaintiff's left hand, violated the plaintiff's rights under the due process clause of the Fourteenth Amendment to the United States Constitution.

4. Defendant Montgomery's reckless disregard of the plaintiff's Constitutional rights and reckless violations of the plaintiff's protected due process rights, under both State and Federal laws of the United States Constitution.

5. Issue an Order that requires defendants Conrad, Montgomery, or their agents to:

   1. Immediately expunge the plaintiff's arrest for [illegible] appearing before the arrest and case number out of the plaintiff's criminal record.

6. Award compensatory damages in the following amount:
   1. $25,000 Jointly and Severally against defendants Conrad, Montgomery, Lynch and McIntosh, for the reckless disregard and gross indifference on behalf of the defendants before the proper of pleasure present to the back.

2. [illegible] Jointly and severally against defendants Lynch and McDavid for the punishment and [illegible] suffering resulting from their denial of due process in connection with the plaintiff's Second Deal Breach.

D. Award Punitive damages in the following Amounts:
1. $20,000 each against defendants Cabral and Mastrorilli, Lynch and McDavid;

2. $10,000 each against defendants Lynch and McDavid;
3. $20,000 each against defendants Cabral and Mastrorilli.

E. Grant such other relief as it may appear that plaintiff is entitled.

Respectfully Submitted,<br>
Mr. Duran Evan Pride<br>
Mr. Duran Evan (Pro Se)<br>
91 Brookston St.<br>
Boston, MA 02118

Dated: 12-1-03